217 P.2d 1038

**INTERNATIONAL LIFE INS. CO. v. SORTEBERG et ux.**

**No. 5111.**

Supreme Court of Arizona.

May 8, 1950.

For former opinion, see 216 P.2d 702.

Evans, Hull, Kitchel & Jenckes, of Phœnix, for appellant.

Darrel R. Parker, of Phœnix, for appellee.

DE CONCINI, Justice.

On motion for a rehearing counsel call the court's attention to an error in the calculations of sums paid the plaintiff, and further that the last paragraph of the original opinion is subject to more than one interpretation.

For the purpose of clarity the original opinion is modified by striking that certain paragraph which reads as follows: "The inter-office communication, plaintiff's Exhibit 'A', stated that the commission was to be retroactive to May 1, 1945. From May

172

1, 1945, to October 1, 1946, plaintiff's salary varied from $500 to $600 per month. The record reflects that he received $6,100.00, in salary and $122.91 in 'overwriting commissions' from May 1, 1945, to May 1, 1946, or a total of $6,222.91 for that 12 month period. From May 1, 1946 to October 1, 1946, he received $2,795.20 in salary and $190.01 in 'overwriting commissions' or a total of $2,985.21 for a period of five months. If section 61–321, supra, applies to plaintiff, clearly he cannot recover more than $5,000 for his first twelve (12) months' work. However, he may be entitled to recover something for the year starting May 1, 1946, because commissions earned after May 1, 1946, together with his salary may not exceed $5,000 for the year ending May 1, 1947" [216 P.2d 702, 705] and by striking that certain paragraph which reads as follows: "The judgment is reversed, the case remanded for trial to ascertain how much plaintiff has earned, if any, in the way of commissions from May 1, 1946 to October 1, 1946. Plaintiff will not be permitted to recover in excess of $5,000 in salaries and commissions through that period or any twelve months period. Each party shall bear his own costs on this appeal." All other portions of the opinion are affirmed.

Section 61-321, A.C.A.1939, applies to the plaintiff, and the company may not pay him more than $5000 in any year. The judgment is reversed, the case remanded for trial to ascertain how much the plaintiff has earned, if any, in the way of commissions during the period of his employment, to wit: from February 12, 1945 to February 12, 1946 and from February 12, 1946 to October 1, 1946, for which he has not been paid subject to the limitations imposed by section 61-321, supra; the judgment is affirmed in all other respects. Each party shall bear his own costs upon this appeal.

Reversed and remanded for further proceedings as indicated herein.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concur.